UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TONI L. MOTZ,

                    Plaintiff,

       - against -                                  04 CIV 3983 (GAY)

CHARTWELL RESORTS, d/b/a,                **MEMORANDUM DECISION**
HOMOWACK RESORT HOTEL,                      **AND ORDER**
                    Defendant.
----------------------------------------------------------------x

       The parties have consented to try this matter before me pursuant to 28 U.S.C. §636(c). Plaintiff Toni Motz brought this action against defendant Chartwell Resorts claiming a hostile work environment on account of gender; and constructive discharge on account of gender in violation of Title VII of the Civil Rights Act of 1964 and the New York Human Rights Law.

       Presently before this Court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). Defendant contends that the conduct complained of is not severe or pervasive enough to create a hostile work environment under Title VII. Plaintiff points to evidence in the record of two alleged sexual assaults of her by employee Colon; repeated harassment by general manager Berkowitz; and the response, or lack thereof, by defendant's management to the alleged assault and harassment. It is well settled that "even a single incident of sexual assault sufficiently alters the conditions of the victim's employment and clearly creates an abusive work environment" under Title VII. <u>Richardson v. New York State Department of Correctional Services</u>, 180 F.3d 426, 437 (2d Cir. 2000) (citation omitted). Moreover,

1

hostile work environment claims present "mixed question[s] of law and fact" that are "especially well-suited for jury determination."  Id. at 437.

A review of the entire record indicates numerous triable factual issues including, but not limited to, whether defendant properly responded to plaintiff's sexual harassment complaints, whether the evidence of a hostile work environment was severe and pervasive and whether defendant is liable under the facts herein for the alleged assault by Colon.  Accordingly, defendant's motion for summary judgement is **DENIED**.

A telephone conference will be held on May 8, 2006 at 9:00 a.m.  Plaintiff shall initiate the call.


Dated: April ___, 2006             **SO ORDERED:**
      White Plains, New York


_____
GEORGE A. YANTHIS, U.S.M.J.


Copies of this Memorandum Decision and Order have been sent to:

Stephen Bergstein, Esq.
Ivan Kalter, Esq.

omitted). Moreover, hostile work environment claims present "mixed question[s] of law and fact" that are "especially well-suited for jury determination." Id. at 437.

A review of the entire record indicates numerous triable factual issues including, but not limited to, whether defendant properly responded to plaintiff's sexual harassment complaints, whether the evidence of a hostile work environment was severe and pervasive and whether defendant is liable under the facts herein for the alleged assault by Colon. Accordingly, defendant's motion for summary judgement is **DENIED**.

A telephone conference will be held on May 8, 2006 at 9:00 a.m. Plaintiff shall initiate the call.

Dated: April 27, 2006
White Plains, New York

**SO ORDERED:**

GEORGE A. YANTHIS, U.S.M.J.

Copies of this Memorandum Decision and Order have been sent to:

Stephen Bergstein, Esq.
Ivan Kalter, Esq.